Cindy SMITH et al., Plaintiffs–
Appellees,

v.

Curtis STONE et al., Defendants,

Tracie Kynard, Defendant–Appellant.

No. 00–4574.

United States Court of Appeals,
Sixth Circuit.

July 9, 2002.

Before DAUGHTREY and MOORE, Circuit Judges; SIMPSON,* District Judge.

**OPINION**

KAREN NELSON MOORE, Circuit Judge.

Claiming qualified immunity, Defendant–Appellant Tracie Kynard ("Kynard") appeals the district court's denial of her renewed motion for summary judgment in this 42 U.S.C. § 1983 action. Because genuine issues of material fact still exist with respect to one of the two Fourth Amendment claims against Kynard, we **REVERSE** in part the district court's de-

---

* The Honorable Charles R. Simpson III, United States District Judge for the Western District of Kentucky, sitting by designation.

cision and **REMAND** for further proceedings consistent with this opinion.

## I

Our previous opinion, which reversed the district court's initial grant of summary judgment to Kynard, contains a thorough discussion of the facts of this case. *Smith v. Stone,* No. 99–3208, 2000 WL 687672, at *1–*3 (6th Cir. May 19, 2000). The facts as pertinent to this appeal are as follows: On May 27, 1995, Kynard and more than ten of her fellow police officers responded to an emergency call for backup following the firing of gunshots in the area of 1420 Addington Road, Toledo, Ohio. *Id.* at *1. After hearing from another officer that an armed suspect had run into the house at that address, Kynard entered the residence and began to search for the suspect. *Id.* at *2. No such individual was found. *Id.*

Two years later, the residents of 1420 Addington Road filed a complaint in state court alleging that Kynard and ten other named members of the Toledo Police Division had deprived them of their Fourth Amendment rights in violation of 42 U.S.C. § 1983. The defendants removed the case to the district court and filed a motion for summary judgment, which the district court granted. We reversed the grant of summary judgment to Kynard only. On remand, the district court granted Kynard's motion to submit supplemental affidavits[1] but ultimately denied her renewed motion for summary judgment. This timely appeal followed.

1. Under Federal Rule of Civil Procedure 56(e), district "court[s] may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." The district court therefore did not abuse its discretion in permitting Kynard

## II

We first consider our jurisdiction to hear this appeal. Citing *Johnson v. Jones,* 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), the plaintiffs contend that we lack such jurisdiction because the district court found that the existence of a genuine issue of material fact precluded a grant of summary judgment to Kynard. Factual disputes that are immaterial to legal issues, however, do not affect our jurisdiction. *Claybrook v. Birchwell,* 274 F.3d 1098, 1103 (6th Cir.2001). We may review a denial of qualified immunity when a defendant is "willing to concede to the facts as alleged by the plaintiff and discuss only the legal issues raised by the case." *Klein v. Long,* 275 F.3d 544, 549 (6th Cir.2001) (quotation omitted), *petition for cert. filed,* 70 U.S.L.W. 3758 (U.S. May 28, 2002) (No. 01–1742).

We review de novo a district court's denial of qualified immunity. *Klein,* 275 F.3d at 550. It is well established "that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Furthermore, qualified immunity "is an *immunity from suit* rather than a mere defense to liability"; it shields government officials from the "burdens of litigation." *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). In ruling upon a claim of qualified immunity, we first inquire whether the factual allegations, "[t]aken in the light most fa-

to submit supplemental affidavits. *Cf. Lighton v. Univ. of Utah,* 209 F.3d 1213, 1227 (10th Cir.2000) (stating that a "district court clearly has discretion to permit supplemental affidavits it finds useful for summary judgment determination").

vorable to the party asserting the injury,... show the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). "[I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established"—that is, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 201–02.

In this case, Kynard initially averred that she had "heard an officer state that a fleeing suspect carrying a firearm had just run into the house at 1420 Addington Road." J.A. at 105 (Kynard Aff. at ¶ 4). Although the plaintiffs disputed the fact that any such person had made such an entrance,[2] the district court held that exigent circumstances justified the warrantless search, because Kynard and her fellow officers had "perceived [themselves] to be [in] 'hot pursuit' of the fleeing gunman." J.A. at 141. We reversed, holding that "there are factual disputes regarding whether Kynard could enter plaintiffs' house without a warrant because of exigent circumstances and whether she was required to comply with the knock and announce rule before entering the house." *Smith*, 2000 WL 687672, at *9.

On remand, Kynard submitted a supplemental affidavit in which she identified Tommie Lyles ("Lyles") as the officer who had informed her about the armed suspect. J.A. at 183 (Kynard Supp. Aff. at ¶ 3). Fellow officer Curtis Stone ("Stone") also averred that Lyles had made the statement. J.A at 186 (Stone Supp. Aff. at ¶ 3). Moreover, Kynard vouched for Lyles's truthfulness and reliability. J.A. at 183 (Kynard Supp. Aff. at ¶ 7). To counter Kynard's assurance of Lyles's credibility, the plaintiffs submitted the affidavit of Jeremiah Reditt ("Reditt"), who disputed the facts of an incident report in which Lyles was listed as the witness.[3] Reditt asserted that Lyles had made a false statement in keeping with his alleged "propensity for making false statements to police officers" and "history of being untruthful." J.A. at 211 (Reditt Aff. at ¶ 5).[4] The district court found that the issue of Lyles's reliability necessitated the denial of Kynard's renewed motion for summary judgment. J.A. at 45.

We now reverse in part. The facts material to Kynard's claim of qualified immunity with respect to the warrantless search are (1) the identity of the officer who stated that an armed suspect had entered the plaintiffs' residence and (2) the reliability of that officer as known to Kynard at the time of the search. Our previous reversal of the district court's grant of summary judgment to Kynard was based on evidentiary gaps in the record. The supplemental affidavits filed by Kynard and Stone now identify Lyles as the source of the information about the gunman. Kynard's supplemental affidavit also states that Lyles had been her partner for several years at the time of the shooting incident and that he had always proved himself to be "truthful and reliable." J.A. at

---

2. J.A. at 120 (Smith Aff. at ¶ 6).

3. Lyles was reported in the incident report as stating that he had observed Joseph Washington Jr. ("Washington") with a gun in the mid-afternoon of May 27, 1995. J.A. at 212–13. Reditt, Washington's cousin, claimed that he had been with Washington on that day and

that Washington "did not fire, handle or otherwise exercise control over any firearm." J.A. at 211 (Reditt Aff. at ¶ 3).

4. The sole basis stated in the affidavit for the propensity allegations was the matter described in n. 3 *supra*.

**200**

183 (Kynard Supp. Aff. at ¶¶ 5, 7).[5] These undisputed facts support the reasonableness of Kynard's reliance on Lyles's information and her belief that exigent circumstances justified the warrantless search of the plaintiffs' residence. It is simply immaterial whether a written incident report summarizing Lyles's view of the incident was later asserted to be false, because Kynard had no reason to doubt Lyles's reliability at the time he informed her of the armed suspect, much less an opportunity to learn about the allegedly false statement.

In our previous opinion, we noted the existence of a genuine issue of material fact not only with regard to whether Kynard could enter the house without a warrant because of exigent circumstances but also with respect to Kynard's asserted failure to satisfy the Fourth Amendment's "knock and announce" requirement before entering the plaintiffs' residence. *Smith,* 2000 WL 687672, at *6.[6] The district court denied qualified immunity with respect to both claims. Kynard does not address whether qualified immunity is appropriate respecting the knock and announce issue. Because we generally deem arguments that are not briefed on appeal to have been abandoned or waived, *see, e.g., Ewolski v. City of Brunswick,* 287 F.3d 492, 516–17 (6th Cir.2002), the knock-and-announce claim is not before us at this time and the district court's denial of qualified immunity controls.

## CONCLUSION

For the foregoing reasons, we **REVERSE** in part the decision of the district court. We **REMAND** so that the district court may proceed with the knock and announce claim in accordance with our opinions in this case.

---

5. Indeed, Lyles would have been Kynard's partner on May 27, 1995, had he not been off duty. J.A. at 184 (Kynard Supp. Aff. at ¶ 10).

6. We note that the exigent circumstances exception does not necessarily have the same application in the contexts of warrantless searches and knock-and-announce violations. *Compare, e.g., United States v. Haddix,* 239 F.3d 766, 767 (6th Cir.2001), *with United States v. Dice,* 200 F.3d 978, 983 (6th Cir. 2000).